```
           IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA

V.                          NO. 11-CR-50065-002

ALFONSO VACA

### **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On September 5, 2012, the Defendant/Movant Alfonso Vaca (hereinafter "the Defendant") filed a 28 U.S.C. § 2255 motion. (Doc. 50). The Government has filed a Response (Doc. 57), and the Defendant has filed a Reply (Doc. 59). The undersigned, being well and sufficiently advised, finds and recommends as follows with respect thereto:

### **BACKGROUND**

1.  On May 25, 2011, Defendant and Co-Defendant Jose Antonio Ramirez-Mendoza were indicted and charged in Count One of the Indictment with conspiring to distribute more than 50 grams of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Ramirez-Mendoza was charged with two additional counts of distribution of methamphetamine, in violation of § 841(a)(1), and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

2.  On September 12, 2011, Defendant pled guilty to Count One of the Indictment. (Doc. 32.) On April 4, 2012, Defendant

was sentenced to 84 months imprisonment, five years supervised release, and a $15,000.00 fine. (Doc. 47.) Defendant did not file a direct appeal.

3. In the § 2255 motion now before the Court, Defendant argues that his appointed counsel, Ms. Kimberly Weber, was ineffective in two respects:

* in failing to object to the imposition of the $15,000.00 fine, as the Court did not consider Defendant's inability to pay the fine and did not explain its reasons for imposing the fine; and

* in failing to argue for a reduction based on his mitigating role in the offense.

## DISCUSSION

4. The undersigned does not believe that an evidentiary hearing is warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. 28 U.S.C. § 2255(b). See Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013).

5. To establish an ineffective assistance of counsel claim, a defendant must demonstrate that counsel's representation fell below an objective standard of reasonableness, and that he was prejudiced by counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). As to the performance prong of the inquiry,

-2-

the scrutiny of counsel's performance must be highly deferential, without the distorting effects of hindsight, and there is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. Id. at 689. As to the prejudice prong of the inquiry, the Defendant must prove prejudice by establishing that "but for the counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

6. Defendant's claim that counsel was ineffective in failing to object to the $15,000.00 fine is not cognizable under § 2255, as § 2255 affords relief only to prisoners claiming the right to be released from custody. See United States v. Chacon-Vega, 2008 WL 313612, *1 (8th Cir. 2008), citing United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003) (holding that an inmate could not challenge the restitution portion of his sentence under § 2255).

7. As to Defendant's remaining claim, contrary to his assertion, counsel did in fact argue for a reduction based on Defendant having a minor role in the offense, but the Court rejected this argument, finding that Defendant was a "central and not a peripheral figure" in the conspiracy. (Doc. 56 at pg. 9.) Accordingly, the undersigned sees no merit to this claim.

AO72A
(Rev. 8/82)

## CONCLUSION

8. Based upon the foregoing analysis, the undersigned recommends that Defendant's § 2255 motion (Doc. 50) be **DENIED** and **DISMISSED WITH PREJUDICE**.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B) & (c)(2). A "substantial showing" is a showing that "'issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings.'" Cox v. Norris, 133 F.3d 565, 569 and n.2 (8th Cir. 1997). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of March, 2014.

          */s/ Erin L. Setser*
          HON. ERIN L. SETSER
          UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)